**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:24CV-P133-CRS**

**MARLAA D. JACKSON**                                                                                                       **PLAINTIFF**

**v.**

**DUSTIN WEBB** *et al.*                                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Marlaa D. Jackson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some claims and allow Plaintiff to file an amended complaint regarding other claims.

**I.**

Plaintiff states that she is a pretrial detainee at the McCracken County Jail (MCJ). She sues MCJ Deputies Dustin Webb, Hunter, Tonya Long, Wyatt, Scout, and Joe Borlow[1] in their individual capacities only. As relief, she seeks compensatory and punitive damages and release from "illegal detention, restoration of good time, expungement of records."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

---

[1] Defendant Borlow was not listed in the complaint caption but was listed in the Defendants section of the complaint form. The Court will direct the Clerk of Court to add Borlow as a Defendant in the docket sheet.

relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant Long

Plaintiff alleges that the during the second week of January 2024 Defendant Long told new employees that she was an "inmate who gives everyone problems & soon after she verbally disrespected me threaten to fight me and called me a bunch of ni*****." Plaintiff also states that in March 2024 Defendant Long "physically banged me from wall to wall and was told by the male deputy Scout to whoop me while im off camera."

The use of threatening or harassing language by a prison official, although unprofessional and deplorable, does not rise to a constitutional dimension. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (same). Therefore, Plaintiff's allegations against Defendant Long based on verbal threats and abusive language will be dismissed for failure to state a claim upon which relief may be granted.

With regard to Plaintiff's allegation that Defendant Long "banged me from wall to wall," the Court construes it as alleging excessive force by Defendant Long. Excessive force claims brought by a pretrial detainee are analyzed under the Fourteenth Amendment. *See, e.g.*, *Coley v. Lucas Cnty.*, 799 F.3d 530 (6th Cir. 2015). Under the Fourteenth Amendment, the relevant inquiry for an excessive force claim is whether the "'force purposely or knowingly used against [a prisoner] was objectively unreasonable.'" *Id.* at 538 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). In making this determination, the Court should consider various factors such as "'the relationship between the need for the use of force and the amount of force used; the extent

of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.'" *Id.* (quoting *Kingsley*, 576 U.S. at 397).

While the Court has a duty to construe *pro se* complaints liberally, Plaintiff is not absolved of her duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The pleading standard set forth in Fed. R. Civ. P. 8 "'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cnty. Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

Plaintiff's allegation that Defendant Long "banged me from wall to wall" is too vague and lacking in factual specificity to support a claim under the Fourteenth Amendment. Before dismissing this claim, however, <u>the Court will allow Plaintiff to file an amended complaint providing specific facts surrounding the alleged incident</u>. *See LaFountain v. Harry*, 716 F.3d 944,

4

951 (6th Cir. 2013) (allowing for amendment when the complaint is subject to dismissal under § 1915A).

## B.  Defendant Webb

Plaintiff states that on May 18, 2023, Defendant Webb "gave my entire cell the okay to jump me as long as they did it off camera and I was also on discipline because I refused to use the exact words (yes) (mam) I understand."

Plaintiff alleges that Defendant Webb gave her cellmates "the okay to jump me," but she does not allege that she got jumped. The Court construes this allegation as a claim for verbal abuse or idle threats, which does not state a constitutional violation as stated above.

Moreover, the Court will construe Plaintiff's allegation that she was put "on discipline" as a retaliation claim. Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). In order to state a retaliation claim, a plaintiff must show that: (1) she engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X*, 175 F.3d at 394). Plaintiff does not allege that she was engaged in constitutionally protected conduct. Therefore, she fails to state a retaliation claim, and her claims against Defendant Webb will be dismissed for failure to state a claim upon which relief may be granted.

### C.  Defendant Hunter

Plaintiff alleges that she "was sexually harrassed 3 days in a row by their deputy Hunter. This happened either of the months of (September, October, November) Hunter pulled out a tazer on me 5:00 am the next day he pulled out his mace and either the first day of the 3 days I was on suicide watch hunter stood in the door and watched me get undressed."

Similar to a verbal threat, the mere threat to use a taser or mace on an inmate does not state a constitutional violation. *Witten v. Schafer*, No. 5:23CV-P34-JHM, 2023 U.S. Dist. LEXIS 140339, at *5 (W.D. Ky. Aug. 11, 2023); *see also Salvodon v. Ricotta*, No. 07-CV-174, 2013 U.S. Dist. LEXIS 106132, at *20 (E.D.N.Y. July 22, 2013) (finding no claim stated based on threatened use of taser alone); *Noe v. West Virginia*, No. 3:10-CV-38, 2010 U.S. Dist. LEXIS 76906, at *20 (N.D.W. Va. July 29, 2010) ("[M]erely pointing a taser at the plaintiff cannot support a claim for excessive force, especially in the light of the plaintiff's 'protest' to being questioned about his possession of a controlled substance.").

Moreover, Plaintiff's conclusory allegation that she was "sexually harrassed" by Defendant Hunter is not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"); *Gregory*, 220 F.3d at 446 ("[W]e need not accept as true legal conclusions or unwarranted factual inferences.").

With regard to Plaintiff's assertion that Defendant Hunter watched her get undressed while she was on suicide watch, although prisoners may retain reasonable expectations of bodily privacy in prison under the Fourth Amendment, such rights are necessarily curtailed due to the fact of confinement. *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992). This limited right to privacy, among other things, "protects [prisoners] from being forced unnecessarily to expose their

bodies to guards of the opposite sex." *Kent v. Johnson*, 821 F.2d 1220, 1227 (6th Cir. 1987). Thus, "a prison policy forcing prisoners to . . . be exposed to regular surveillance by officers of the opposite sex while naked - for example while in the shower or using a toilet in a cell - would provide the basis of a claim on which relief could be granted." *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004). "In contrast, accidental viewing of a prisoner's naked body by a prison guard of the opposite sex is not a constitutional violation." *Jones v. Lawry*, No. 2:19-CV-49, 2019 U.S. Dist. LEXIS 99914, at *20 (W.D. Mich. June 14, 2019). Moreover, an inmate's allegation that a guard "viewed plaintiff inappropriately one time . . . does not rise to the level of a constitutional violation of plaintiff's right to privacy." *Jacques v. Jung*, No. 2:24-cv-0477 DB P, 2024 U.S. Dist. LEXIS 111797, *8 (E.D. Cal. June 24, 2024); *see also Burnett v. McKie*, No. 9:17-1582-MGL-BM, 2017 U.S. Dist. LEXIS 203274, at *2 n.1 (D.S.C. Nov. 21, 2017) (one-time exposure to guard of opposite sex during a strip search does not state a constitutional claim), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 20872 (D.S.C. Feb. 8, 2018). Upon review, the Court finds that Plaintiff's allegation that Defendant Hunter watched her get undressed on one occasion is not sufficient to state a claim.

Therefore, Plaintiff's allegations against Defendant Hunter will be dismissed for failure to state a claim upon which relief may be granted.

### D. Defendant Wyatt

Plaintiff states, "The young deputy Wyatt sexually harrassed me on the 3rd or 4th week of April around 12:30-1:15 pm he stood in the middle of a verbal altercation between me and a deputy and made gestures with his hands pointing towards his growing area several times."

As stated above, a conclusory allegation of sexual harassment is not sufficient to state a claim. Moreover, while sexually harassing behavior may violate a pretrial detainee's Fourteenth

Amendment rights, not all sexually inappropriate behavior by correctional officers rises to the level of a constitutional violation. *See, e.g.*, *Calvert v. Weatherford*, No. 3:13-CV-00274, 2013 U.S. Dist. LEXIS 66034, at *2-3 (M.D. Tenn. May 9, 2013) (allegations that guard stared in a sexually suggestive manner, made "sexual grunting sounds," looked at the plaintiff's crotch, bit his lip "sexually" while sweating "profusely" and "breathing hard" did not rise to the level of a constitutional violation); *Grisham v. Cnty. of Los Angeles*, No. CV 16-8079-PA (PLA), 2019 U.S. Dist. LEXIS 93500, at *34 (C.D. Cal. Apr. 26, 2019) ("[m]ere laughing, lustful looks, or verbal sexual harassment" does not state a constitutional claim), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 93501 (C.D. Cal. June 3, 2019). The alleged action by Defendant Wyatt in making hand gestures pointing toward his groin is not sufficient to state a constitutional claim. Therefore, Plaintiff's claims against Defendant Wyatt will be dismissed for failure to state a claim upon which relief may be granted.

### E.  Defendant Borlow

Plaintiff states that on January 6, 2024, Defendant Borlow "dug his nails in my skin trying to throw me into a holding cell it left a scarr on my right arm." The Court construes this allegation as alleging excessive force by Defendant Borlow. This one sentence allegation is too vague to support a Fourteenth Amendment claim since Plaintiff provides no context for the alleged actions. *See Pearson v. LA Crosse Cmty. Police Dep't*, No. 21-cv-381-jdp, 2022 U.S. Dist. LEXIS 143761, at *6 (W.D. Wis. Aug. 10, 2022) (finding claim by pretrial detainee alleging that force by officer left scars on his temple was too vague to support a claim but giving plaintiff the opportunity to amend the complaint with additional details). Before dismissing this claim, <u>the Court will allow Plaintiff to file an amended complaint providing specific facts surrounding the alleged incident</u>. *See LaFountain*, 716 F.3d at 951.

### F.  Defendant Scout

Plaintiff alleges that on May 14, 2024, Defendant Scout and non-defendant Dickerson[2] "maliciously caused harm to me it was not caused for!  It left 2 more scarrs on my left & my right arms this happened while they were trying to restrain me into a chair they aggressively pinched skin from my arms."  She also states, "They used administrative retaliation to isolate me into administrative segregation by putting several keep aparts on me & other inmates for small disagreements that would not normally apply to other inmates."

The Court construes Plaintiff's allegations regarding placement in the restraint chair as alleging excessive force by Defendant Scout.  However, the Court again finds the allegations too vague to support a claim under the Fourteenth Amendment.  Before dismissing this claim, <u>the Court will allow Plaintiff to file an amended complaint providing specific facts surrounding the alleged incident</u>.  *See LaFountain*, 716 F.3d at 951.

With regard to Plaintiff's allegation of retaliation, once again, in order to state a retaliation claim, a plaintiff must show that:  (1) she engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct.  *King*, 680 F.3d at 694 (citing *Thaddeus-X*, 175 F.3d at 394).  Plaintiff does not allege that she was engaged in constitutionally protected conduct.  Therefore, she fails to state a retaliation claim, and her claim against Defendant Scout based on these allegations will be dismissed for failure to state a claim upon which relief may be granted.

---

[2] Because Plaintiff does not sue Dickerson, the Court does not construe the complaint as alleging a claim against him or her.

### G. Injunctive relief

In addition to damages, Plaintiff seeks injunctive relief in the form of release from "illegal detention, restoration of good time, expungement of records." This injunctive relief is not available under 42 U.S.C. § 1983. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Therefore, Plaintiff's request for release, restoration of good time credit, or expungement of records must be dismissed for failure to state a claim upon which relief may be granted.

### H. Other allegations

Plaintiff makes other allegations in the complaint, but she does not allege which, if any, Defendant is responsible for the actions taken. Plaintiff states, "I was fully discriminated of my rights as an inmate. I was put on to disciplinary for reason that does not apply to other inmates. I have not counted any good time." Plaintiff maintains that while in disciplinary segregation, "they have let me go weeks without showering . . . from April & May of 2024 they never let me out of my cells for phone calls on (Wednesdays) according to the jail policy's." She also states, "We are allowed a matt and blanket for 8 hours a day and most of my discipline time i've lost either 2 or 3 hours on discipline without my matt and blanket and I never received the extra time back from those day's without my full 8 hours of sleep." She maintains that she has filed grievances "on how I was treated and never received any of the grievances back!"

Plaintiff states, "The medical nurses are making me wait until the end of my incarceration to be seen by a hospital for an acyst on my ovaries, and they also neglect me of medical needs and makes me fill out a sick call & never been seen." She also alleges that she has been exposed to

hemorrhoids and skin irritation because "the jail gives us (used) under clothes to wear on the daily basis none of their machines are up to date and this jail is totally disgusting (feises) or (poop) & pee & blood and food & ect are all over the walls & (toilets) and doors & windows in this jail (very) (unsanitized) and (in human)." She also states that in April 2024 she had a "small seizure or stroke in my sleep around 5:30 pm. I have server trauma done to my mental stabilities I am triggered."[3]

Plaintiff further asserts that in December 2023 she "reported to a sergeant that me and another inmate got into a physical altercation and not only did they leave us together for 24 hrs they put us together 2 times after this incident for weeks the 2nd time & a few minutes the 3rd time before separating us under administration separation." She also states that December 2023 she "was in iso cell for 2 days I was not assigned to with out and way of communication."

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). A plaintiff "must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012). Because the above allegations do not specify which Defendant, if any, took the actions, the claims must be dismissed for failure to state a claim upon which relief may be granted. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) ("Even a *pro se* prisoner must link his allegations to material facts and

---

[3] Plaintiff states that in January 2024 "Trey English called us a bunch of ni***** and tried to brib me to show him respect to come off discipline." Because Plaintiff does not name English as a Defendant, the Court does not construe the complaint as alleging a claim against him.

indicate what each defendant did to violate his rights.") (citations omitted); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for or failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights); *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights).  However, before dismissing these claims, <u>the Court will allow Plaintiff to file an amended complaint identifying the individuals who she alleges violated her rights and stating how they did so</u>.  *See LaFountain*, 716 F.3d at 951.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendants Webb, Hunter, and Wyatt are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court is DIRECTED to terminate** Webb, Hunter, and Wyatt as no claims remain against them.

The **Clerk of Court is DIRECTED to add** Joe Borlow as a Defendant in the docket sheet.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint in accordance with the instructions above **within 30 days** of the entry date of this Memorandum Opinion and Order.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms.

**<u>Plaintiff is WARNED that should she fail to file an amended complaint within the time allowed, the action will be dismissed for the reasons stated herein</u>**.

Date:   January 27, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4411.010

13