**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:24CV-P133-CRS**

**MARLAA D. JACKSON**                                          **PLAINTIFF**

**v.**

**DUSTIN WEBB** *et al.*                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Marlaa D. Jackson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.  By prior Memorandum Opinion and Order (DN 7), the Court conducted an initial review of the original complaint pursuant to 28 U.S.C. § 1915A and dismissed some claims and allowed Plaintiff to file an amended complaint regarding other claims.  Plaintiff filed an amended complaint (DN 8), which is now before the Court for initial review pursuant to § 1915A.  For the reasons set forth herein, the Court will dismiss some claims and allow others to proceed for further development.

**I.**

In the amended complaint, Plaintiff does not state whether she is a pretrial detainee or convicted inmate, and she lists only one Defendant, Joe Borlow.  However, because the Court is required to broadly construe the complaint at this stage, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court will look to the original complaint solely for the purposes of Plaintiff's incarceration status and the Defendants listed therein.  In the original complaint, Plaintiff stated that she is a pretrial detainee at the McCracken County Jail (MCJ).  She sued MCJ Deputies Dustin Webb, Hunter, Tonya Long, Wyatt, and Scout in their individual capacities only.

The amended complaint sets forth incidents that occurred on seven different dates, which the Court will address below.  As relief, in the amended complaint, Plaintiff seeks compensatory damages.[1]

The Court observes that the amended complaint contains Plaintiff's signature and the names of two other individuals handwritten by Plaintiff.   "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  The original and amended complaints are signed by Plaintiff only.  Moreover, the other two individuals were not listed in the caption of the original or amended complaint, and neither pleading contains any reference or allegation related to these individuals.  Therefore, the Court does not consider these individuals as plaintiffs to the action.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the

---

[1] Plaintiff also indicates in the relief section of the amended complaint form that she seeks "other" relief in the form of:  "Alleging excessive force and alibi relief.  Or maliciously caused $45,000 harm purposly."  The Court cannot discern the meaning of this statement and does not consider it as seeking relief in addition to the compensatory damages she demands.

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A.  January 6, 2024

Plaintiff states that on January 6, 2024, Defendant Borlow was "walking me back to the drunk tank holding cell from a shower as I stop to say hi to an inmate also in a holding cell. Joe Borlow grab my arm yanked into the cell while digging his nails into my arm. Say 'bit** come on.'"

As stated in the Court's prior Memorandum Opinion and Order, excessive force claims brought by a pretrial detainee are analyzed under the Fourteenth Amendment. *See, e.g., Coley v.*

*Lucas Cnty.*, 799 F.3d 530 (6th Cir. 2015).  Under the Fourteenth Amendment, the relevant inquiry for an excessive force claim is whether the "'force purposely or knowingly used against [a prisoner] was objectively unreasonable.'"  *Id*. at 538 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).  In making this determination, the Court should consider various factors such as "'the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.'"  *Id*. (quoting *Kingsley*, 576 U.S. at 397).

The Court finds that Plaintiff's allegations that Defendant Borlow grabbed her arm, yanked her into the cell, and dug his nails into her arm are not sufficient to state a Fourteenth Amendment excessive force claim, especially in light of the fact that implicit in Plaintiff's allegation is that she was not complying with his orders when she stopped to talk to another inmate and she does not allege any injury as a result of the incident.  *See Cretacci v. Call*, 988 F.3d 860, 869 (6th Cir. 2021) (holding that the defendant corrections officer's use of pepperballs on a pretrial detainee who failed to comply with an order to get on the ground was reasonable given that the defendant used a non-lethal weapon that caused only minor injuries that lasted a few days); *Davis v. Hinds Cnty.*, No. 3:16-CV-674-DPJ, 2018 U.S. Dist. LEXIS 71709, at *12 (S.D. Miss. Apr. 30, 2018) (dismissing Fourteenth Amendment excessive force claim where the inmate alleged that the officer "'dragged' her to a cell, digging her nails into her arm" and finding that "there is nothing suggesting that the force was unreasonably excessive").

Moreover, with regard to Plaintiff's allegation that Defendant Borlow said to her "'bit** come on,'" as the Court also found in its prior Memorandum Opinion and Order, the use of threatening or harassing language by a prison official, although unprofessional and deplorable,

does not rise to a constitutional dimension. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not rise to the level of a constitutional claim); *Violett v. Reynolds*, 76 F. App'x 24, 27 (6th Cir. 2003) (same).

Therefore, Plaintiff's allegations based on the incident occurring on January 6, 2024, will be dismissed for failure to state a claim upon which relief may be granted.

### B.  October 22, 2024

Plaintiff next states that at 5:00 am on October 22, 2024, Defendant Hunter "came into my isolation cell while I was asleep patted my face 4 times telling me 'get up and give me your mat and blank you are not sleep 'you know the rules now get up.'  I responded yal need to find something better to do.'"  Plaintiff continues, "He said 'you want to find out.'"  Then Defendant Hunter "grabbed the mat off the floor swung it toward my face and hit me with the mat walking out the door.'  I pushed him and he began beating in my face on the floor twisting my arm behind my back then put hand cuffs on me and push my face in my chest."

Construing *pro se* Plaintiff's allegations broadly, as is required at this stage, <u>the Court will allow an excessive force claim under the Fourteenth Amendment to proceed against Defendant Hunter based on these allegations</u>.

### C.  May 14, 2024

Plaintiff states that on this date, Defendant Scout and non-Defendant Dickerson were restraining her "into the restraint chair for (hitting the door)."  She states,  "I was complying with the rules about going in the chair as (they ordered me) to sit down.  I did as I was told and that's

when [non-Defendant] Dickerson and [Defendant] Scout begin pinching off my skin while putting straps on my arm making my skin bleed."

Upon review, <u>the Court will allow a Fourteenth Amendment excessive force claim to proceed against Defendant Scout based on these allegations</u>.

However, in regard to non-Defendant Dickerson, Rule 10(a) of the Federal Rules of Civil Procedure provides, "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint **must name all the parties**; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a) (emphasis added). Because Dickerson is not named as a Defendant in the title or caption of the original or amended complaint, he is not a properly named defendant or party to this action, and the claim will not proceed against him.

### D. December 17, 2023

Plaintiff states that on December 17, 2023, non-Defendant sergeants Tyler and Kyle were informed that Plaintiff and another inmate "were in a altercation neither Kyle or Tyler remove either of us from the cell until 24 hours later and never put us in the system that we had that pysical altercation so we were put together 2 more time after that time."

Because neither Tyler nor Kyle is named as a Defendant, they are not proper parties to the action. *See* Fed. R. Civ. P. 10(a). However, even if Plaintiff had sued them, the claim would still fail. To establish deliberate indifference for failure to protect under the Fourteenth Amendment, "'a defendant officer must [1] act intentionally in a manner that [2] puts the plaintiff at a substantial risk of harm, [3] without taking reasonable steps to abate that risk, [4] and by failing to do so actually cause the plaintiff's injuries.'" *Stein v. Gunkel*, 43 F.4th 633, 639 (6th Cir. 2022) (quoting *Westmoreland v. Butler Cnty.*, 29 F.4th 721, 729 (6th Cir. 2022)). Here, Plaintiff fails to allege

that she was injured by the alleged failure to separate her from the other inmate. *See Jones v. Linsia*, No. 1:24-cv-336, 2024 U.S. Dist. LEXIS 66874, at *23 (W.D. Mich. Apr. 12, 2024) (dismissing claim upon initial review finding that the inmate "fail[ed] to allege that he was actually physically injured as a result of other inmates knowing about his charges"). Therefore, the allegations based on the December 17, 2023, occurrence must be dismissed for failure to state a claim upon which relief may be granted.

### E.  May 13

Plaintiff next describes an incident on May 13 but does not identify the year. She states that she was told by Defendants Scout and Long "to take off my clothes I purchased from commissary because I was on discipline and was not allowed to wear my white clothes under my jail uniforms." She continues, "So Long and Mr. Scout pulled out a tazer and threatened to shoot it if I don't go in there change out room and take everything off." She states, "That's when the male deputy Scout gave Tonya Long the okay to be[at] the fu** out of me off camera and she then grab my by my shirt and slammed into walls and chairs in the hallway and all this was over me having clothes on under my uniform."

Upon review, the Court will allow a Fourteenth Amendment excessive force claim to proceed against Defendants Scout and Long based on these allegations.

### F.  May 18, 2023

Plaintiff states that on this date Defendant Webb "was called to one of the cells because I never received my property back from the property inside the jail. He showed up with a [non-Defendant] female deputy Zoey. They informed the inmates if I call the office again that it was okay to beat me up as long as its off camera." She reports that then Defendant Webb "said 'if not I'll just whoop your ass my god da** self.' That's when the female Zoey said don't call us again

do you understand.'  I said okay she got upset and said 'say yes mam you understand I did not say yes mam.'"  Plaintiff continues, "She grabbed me and pushed me out of the hallway and then slammed me into the door and put me on discipline for 15 minutes for not saying yes mam I understand I will not call the office for help again."

The Court construes the allegations against Defendant Webb as claims for verbal abuse or idle threats, which do not state a constitutional violation as stated above.  Plaintiff's allegations against the non-Defendant deputy named Zoey must be dismissed because she is not a properly named party to the action.  *See* Fed. R. Civ. P. 10(a).  Therefore, these allegations will be dismissed for failure to state a claim upon which relief may be granted.

### G.  February 3, 2025

Plaintiff states that on February 3, 2025, the following occurred:

[Non-Defendant] Tyler Nickles used extreme indifference to value human life by telling me 'he cant not move me from isolation because nobody in the jail like me and I cause problems in every cell he puts me in.  Basically using administration retaliation and failure to keep me safe no matter what after being assaulted on October 22, 2024 by a male deputy inside of isolation segregation . . . .  Basically because people have keep aways on me they do not want to remove me blames me for not having no where to go (unless) I remove a serious keep apart on inmates around the jail.  Instead of put me with the new group of inmates I have not done time with other than ones I have done time with.  He uses extreme indifference to value my life as a human by administration retaliation.

Once again, because Plaintiff did not name Nickles as a Defendant, he is not a proper party to this suit.  *See* Fed. R. Civ. P. 10(a).  However, even if Plaintiff had sued Nickles, a prisoner has no right to be incarcerated in a particular institution or a particular part of an institution.  *See* *Montanye v. Haymes*, 427 U.S. 236 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-25 (1976); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Dancy v. George*, No. 07-CV-97-GFVT, 2007 U.S. Dist. LEXIS 56442, 2007 WL 2251926, at *6 (E.D. Ky. Aug. 2, 2007) ("[W]ell-settled law establishes that prisoners have no inherent constitutional right to placement in any particular

8

prison; transfers to any particular prison; any particular security classification; or housing assignment.").

Moreover, as the Court found in its prior Memorandum Opinion and Order, in order to state a retaliation claim under the First Amendment, a plaintiff must show that: (1) she engaged in constitutionally protected conduct, (2) an adverse action was taken against her that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct. *King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam)). Plaintiff does not allege that she was engaged in constitutionally protected conduct or that any constitutionally protected conduct motivated the alleged actions.

Therefore, Plaintiff's claims based on events occurring of February 3, 2025, will be dismissed for failure to state a claim upon which relief may be granted.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, the Court has allowed Fourteenth Amendment excessive force claims to proceed against Defendant Hunter based on an alleged incident that occurred on December 22, 2024, and against Defendants Scout and Long based on an incident that occurred on May 13th of an unspecified year.[2]

**IT IS ORDERED** that all other claims alleged in the amended complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[2] In allowing these claims to proceed beyond initial screening, the Court passes no judgment on their merit or ultimate outcome.

The **Clerk of Court is DIRECTED to reinstate as Hunter as a Defendant in the docket sheet and to terminate Borlow as a Defendant** as no claims remain against him.

Date:    April 18, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
       McCracken County Attorney
4411.010

10